IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **PAMELA MOSES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-02767-JTF-dkv |
| | ) | |
| **WILLIAM OLDHAM,** in | ) | |
| his official capacity as | ) | |
| **Shelby County Sheriff,** and | ) | |
| **MARK LUTTRELL,** in his | ) | |
| official capacity as Mayor | ) | |
| of Shelby County, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER ADOPTING THE CHIEF UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AS TO ITS ALTERNATIVE CONCLUSION
THAT PLAINTIFF STATES NO CLAIM FOR WHICH RELIEF MAY BE GRANTED**
_____

This action for damages and injunctive relief under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution raises serious allegations against Shelby County regarding abuse of power and a citizen's access to vital public institutions. Before the Court is the Report and Recommendation of the Chief United States Magistrate Judge (the "Chief Magistrate Judge") filed on October 17, 2016, recommending that the Court dismiss Plaintiff Pamela Moses' case *sua sponte* (ECF No. 7). Plaintiff, proceeding *pro se*, filed timely objections on October 31, 2016 (ECF Nos. 8 & 9). For the reasons set forth below, the Court hereby **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and accordingly **DISMISSES** Plaintiff's *pro se* complaint.

1

## I. BACKGROUND

On September 23, 2016, Plaintiff filed a *pro se* complaint "pursuant to the Equal Protection Clause, Privileges and Immunities Clause, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution" (ECF No. 1). Plaintiff did not cite a cause of action but requested both injunctive and monetary relief. She also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2). Plaintiff claims that when she visited the Shelby County Courthouse in Memphis, Tennessee, on September 16, 2016, she was followed, accosted, and wrongfully arrested by deputies of the Shelby County Sheriff. Pursuant to Administrative Order 2013-05, the case was assigned to the Chief Magistrate Judge for management of all pretrial matters, including the determination of non-dispositive matters and the issuance of reports and recommendations on all dispositive matters. In cases where a plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required to screen the complaint and dismiss the action if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Chief Magistrate Judge's Report and Recommendation constitutes the Court's screening.

The Chief Magistrate Judge, construing the Complaint as pleading an action under 42 U.S.C. § 1983, entered an order granting Plaintiff's motion to proceed *in forma pauperis* and submitted a recommendation that the Court decline to exercise jurisdiction over this case under the *Younger* abstention doctrine, or, in the alternative, dismiss Plaintiff's *pro se* Complaint *sua sponte* for failure to state a claim. Order Grant'g Motion to Proceed *In Forma Pauperis* and R. & R. for *Sua Sponte* Dismissal, at 14–15, Oct. 17, 2016, ECF No. 7; *see Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff's timely objections followed.

## II. STANDARD OF REVIEW

When a magistrate judge "submit[s] to a judge of the [district] court proposed findings of fact and recommendations," "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(B)–(C). A district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (italics added). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by the Chief Magistrate Judge. *Id.* The Court need not, however, review any portion of the recommendation to which Plaintiff did not specifically object, and may adopt the findings and rulings of the Chief Magistrate Judge to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

## III. ANALYSIS

Liberally construing Plaintiff's objections to the Chief Magistrate Judge's Report and Recommendation, the Court identifies the following objections: (1) allegations of bias against the Chief Magistrate Judge; (2) the Chief Magistrate Judge goes beyond the Complaint in order to determine the applicability of the *Younger* doctrine and that it does not state a claim for which relief may be granted; (3) this action is based on new facts not previously adjudicated; (4) abstention by the Court pursuant to the *Younger* doctrine would be inappropriate in this instance because Plaintiff does not ask the Court interfere in a criminal matter but to prevent future harm; (5) even if the *Younger* doctrine is applicable, the allegations demonstrate a situation where the Court should still intervene; and (6) Plaintiff does state a claim for which relief can be granted under 42 U.S.C. § 1983 by alleging the existence of a *de facto* policy of discrimination, harassment, and deprivation;. The Court will now address each of the objections

in turn.

### A. Bias Allegations

Plaintiff's Objection to the Report and Recommendation contains several allegations of bias and misconduct with respect to the Chief Magistrate Judge. Obj'n to the Magistrate's R. & R., ¶¶ 1–14, Oct. 31, 2016, ECF No. 9 [hereinafter "Pl.'s Obj'n"]. Plaintiff has made substantially the same claims against the Chief Magistrate Judge in a previous lawsuit in this district. *See* Obj'ns to R. & R., *Moses v. Smith*, No. 2:16-cv-02693-STA-dkv (July 5, 2016), ECF No. 14. In an Order Adopting the Report and Recommendation in that case, another District Court Judge in this district fully addressed these objections and found them to be without merit. *Moses v. Smith*, No. 2:16-cv-02693-STA-dkv, 2017 U.S. Dist. LEXIS 60953, at *1 (W.D. Tenn. Apr. 21, 2017). Given the striking similarities between the allegations made in that case and this one, including the identities of both individuals, this Court rejects Plaintiff's allegations here and incorporates Section II of the Order in case number 2:16-cv-02693-STA-dkv by reference. *Id.* at *2–3; *see also Moses v. Shelby Cty.*, No. 2:16-cv-02253-JDT-dkv, 2016 U.S. Dist. LEXIS 89860, at *4 (W.D. Tenn. July 12, 2016) (rejecting similar allegations of bias made by Plaintiff against the Chief Magistrate Judge).

### B. The Report and Recommendation Goes Beyond the Complaint

Plaintiff next objects to the Chief Magistrate Judge's references to and reliance upon other cases involving Plaintiff. Pl.'s Obj'n, ¶¶ 15–17. The actions of the Chief Magistrate Judge in doing so are not only appropriate but necessary in this instance. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) (quoting *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)) (stating that a court ruling on Rule 12(b)(6) motion "may consider materials in addition to the complaint if such materials are public

records or are otherwise appropriate for the taking of judicial notice"). Screening a *pro se* Complaint for potential issues involving *res judicata*, the appropriateness of abstention, or frivolity necessarily involves some knowledge of prior or contemporaneous actions. Therefore, the Court finds this objection to be without merit.

## C. *Res Judicata* Is Inapplicable

Plaintiff then objects to the portion of the Chief Magistrate Judge's Report and Recommendation that discusses Plaintiff's claim that she is barred from entering certain public buildings without an escort. Pl.'s Obj'n, ¶¶ 33–34. The Chief Magistrate Judge has found that Plaintiff merely repeats allegations dismissed in a prior lawsuit, *Moses v. Shelby County Government*, 2:16-cv-2253-JDT-dkv. The Chief Magistrate Judge notes, that with the exception that Plaintiff was once again told on September 16, 2016, that she must be escorted at all times while in courthouses, Plaintiff offers no new legal theories or facts to support her claims. Plaintiff states that this is a new case with new circumstances. With respect to her claims based upon allegations that she cannot enter certain public buildings without an escort, Plaintiff cannot state a claim for relief because these claims have already been adjudicated. *See White v. Paint Tech Int'l & Quality Containment Sol.*, 2013 U.S. Dist. LEXIS 150035, at *4 (E.D. Mich. 2013) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)) ("While a dismissal under § 1915(e) is not a dismissal on the merits, a [c]ourt's previous determination and dismissal on frivolousness has a *res judicata* effect for future *in forma pauperis* petitions."). Therefore, the Court also finds this objection to be without merit.

## D. The *Younger* Doctrine Is Inapplicable

The Chief Magistrate Judge adequately describes the *Younger* doctrine in her Report and Recommendation, so the Court sees no reason to further do so here. The Court, however,

5

ultimately disagrees with the Chief Magistrate Judge's conclusion that the *Younger* doctrine applies to this case in light of information not available at the time the Chief Magistrate Judge filed her Report and Recommendation. First, Plaintiff expressly states that she "is not asking the Court to interfere in the criminal case." Pl.'s Obj'n, ¶¶ 35. Second, according to the Shelby County Criminal Justice System's online records, the charges against Plaintiff were all dismissed on August 30, 2017. In light of these new circumstances, the Court agrees with Plaintiff that the *Younger* doctrine is not applicable. The Court therefore presumes that Plaintiff seeks only monetary damages for her § 1983 claims involving the arrest and that any request for injunctive relief was tied to the allegations that Plaintiff was barred from accessing certain public buildings without an escort.

### E. This Case Is an Exception to *Younger*

Having sustained Plaintiff's objection that the *Younger* doctrine is inapplicable, the Court finds no reason to discuss a possible exception to *Younger*.

### F. Plaintiff States a Claim for Relief

Plaintiff next objects to the Report and Recommendation on the basis that she states a claim for which relief can be granted. Pl.'s Obj'n, ¶¶ 18–36. With respect to Plaintiff's claims arising from the allegations that she is barred from certain public buildings without an escort, the Court found above that Plaintiff cannot state any such claims in light of a previous dismissal. Having also confined the allegations stemming from the September 16, 2016 arrest to a request for monetary damages under 42 U.S.C. § 1983, the Court will now address whether Plaintiff states a claim in doing so.

Plaintiff does not object to the Chief Magistrate Judge's conclusion that an action against a county's Sheriff and Mayor constitutes a suit against the County. Nor does Plaintiff object to

the conclusion that she must demonstrate an "official policy or custom that actually serves to deprive an individual of his or her constitutional rights" in order to state a claim against Defendants. Plaintiff instead argues the existence of such a policy in the form of a retaliatory campaign of harassment by County officials that deprives her of rights guaranteed by the United States Constitution. The facts asserted by Plaintiff in her *pro se* Complaint, however, do not support any such claim. *See Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) ("To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim."); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (holding that a complaint must "raise a right to relief above the speculative level . . . . that is plausible on its face."). The Chief Magistrate Judge has set forth the requirements for stating a claim under § 1983 against a municipality or county in her Report and Recommendation. Plaintiff must allege facts tending to show that (1) her injuries were caused by a constitutional violation and (2) Shelby County is responsible for that violation. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Further, the County's responsibility must be established by showing (1) a policy or custom, (2) a connection between the County and the policy or custom, and (3) that the constitutional violation was the result of that policy or custom. *See Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Plaintiff alleges that deputies accosted her and then effected a warrantless arrest in violation of the Fourth Amendment. The Court agrees with the Chief Magistrate Judge that these allegations do not satisfy the second prong of *Collins*.[1] Plaintiff makes no allegations that a

---

[1] The Court finds it arguable, however, whether Plaintiff satisfied the first prong of *Collins*. While it is undeniable that law enforcement officers may make an arrest without a warrant if the arrest is supported by probable cause, it is not clear to the Court that the burden is on Plaintiff to demonstrate that the deputies lacked probable cause. *See Davis v. Rodriguez*, 364

7

County policy or custom caused the alleged constitutional violation. The arguments raised in Plaintiff's Objection deal in legal conclusions and speculation. They do not have any basis in the facts alleged by Plaintiff in her *pro se* Complaint. The Court therefore finds that this objection is also without merit.

## IV. APPELLATE FILING FEE

The final issue to be addressed is whether Plaintiff should be allowed to appeal this decision *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

---

F.3d 424, 433 n.8 (2d Cir. 2004) ("We note that there is a difference of opinion in the federal courts as to the burden of proof applicable to § 1983 unconstitutional false arrest claims. Not many of our sister circuits have addressed which side carries the burden regarding probable cause, and those that have are split."). For example, the Sixth Circuit has held that the government defendants invoking consent as an exception to the warrant requirement for searches bear the burden of proof in civil cases. *Andrews v. Hickman County*, 700 F.3d 845, 854 (6th Cir. 2012) (citing *Bumper*, 391 U.S. at 548; *Tarter v. Raybuck*, 742 F.2d 977, 980 (6th Cir. 1984)). While pleading requirements are not the same as a burden of proof, the Court thinks the issue is instructive, particularly where a *pro se* action, as here, has not yet proceeded to the point where the Court may hear from an opposing party.

The Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. USPS*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, she must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

## V. CONCLUSION

Having reviewed the Chief Magistrate Judge's Report and Recommendation *de novo*, Plaintiff's timely objections, and the entire record of the case, the Court finds only one of Plaintiff's objections to be meritorious. That objection—that abstention under the *Younger* doctrine is inapplicable to this action—does not warrant, however, a rejection of the Report and Recommendation in light of the Report and Recommendation's alternative basis for recommending dismissal. Plaintiff's remaining objections are without merit. Therefore, the Court hereby **ADOPTS** the Report and Recommendation as to its alternative conclusion that the Plaintiff fails to state a claim upon which relief may be granted. The claims raised in the *pro se* Complaint are accordingly **DISMISSED**.

**IT IS SO ORDERED** on this 16th day of October, 2017.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE